MERRITT FUNK

*v.*

ABSALOM STUBBLEFIELD *et al.*

1. EJECTMENT—*revivor on plaintiff's death.* When the sole plaintiff in an action of ejectment dies, it is not necessary that the suit be revived in the names of all his heirs-at-law, and it is not error to allow the suit to be revived and prosecuted by a part of his heirs.

2. SAME—On the death of the sole plaintiff in ejectment, intestate, leav-

ing several heirs-at-law, the unity of title is severed into aliquot parts, and descends to such heirs, and they each become invested with a separate right of recovery.

APPEAL from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. WELDON & BENJAMIN and Mr. HAMILTON SPENCER, for the appellant.

Messrs. WILLIAMS & BURR, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of ejectment, brought by William Stubblefield in the McLean circuit court against Merritt Funk, and Hannah Funk, to recover an eighty-acre tract of land. A summons was issued and returned served. At the September term, 1870, the death of plaintiff was suggested, and the suit revived in the name of a portion of his heirs; and on leave of the court they filed an amended declaration, by which they claimed to recover eleven-thirteenths of the premises; to which defendants filed the plea of the general issue. A trial was had by consent of parties without the intervention of a jury, and the issue was found for the plaintiffs as to Merritt Funk, and a judgment rendered that they recover eleven-thirteenths in fee from him; but the court found the issue for Hannah Funk.

The record is brought to this court by appeal, and it is urged that the suit could only be revived in the name of all of the heirs of the plaintiff in the original declaration; that, under the statute, they only had the right to revive by all the heirs joining as plaintiffs.

The ninth section of the ejectment law provides that the declaration may contain several counts, and several parties may be named as plaintiffs jointly in one count, and separately in others. In this there is a departure from the rules of pleading; and it manifests an intention on the part of the law ma-

kers, to give more latitude in this than in other actions; a determination to dispense with mere technical rules, and to afford more enlarged means for a fair trial on the merits. And when we see such an intention manifested by the general assembly, the courts should not thwart that purpose by strict and illiberal construction of the provisions of the law regulating the practice in that action.

The twenty-sixth section of the act provides that the action of ejectment shall not be abated by the death of any plaintiff, or one of several defendants; but the same proceedings may be had as in other actions to substitute the names of those who may succeed to the title of the plaintiff so dying; in which case the issue shall be tried as between the original parties. In other actions, all of the plaintiffs must recover, or none; but we have seen in this action, the declaration may contain a count in which all the plaintiffs claim to recover jointly, and it may also contain counts in which each plaintiff claims the right to recover separately the whole, or any undivided interest in the premises. And in such a case, a part of the plaintiffs may recover, and a part may fail in the action. And where, upon the death of the plaintiff, a part of the heirs revive and file an amended count, and recover, the same result is produced as when a part of the plaintiffs who sue, recover, and a part fail under the ninth section. By such a practice no injury or inconvenience is produced. And it is in harmony with the provisions of the ninth section of the act.

In all other actions the rights of the plaintiffs are joint, and the right remains joint in the survivors or representatives; and, hence, all having an interest in the subject-matter of the suit, must join in reviving it. But in this case, by the death of the plaintiff, the unity of the title is severed, and it descended in aliquot parts to his several heirs, and they each became invested with a separate right of recovery. Cases may not unfrequently occur in which to refuse to permit such a revivor would be a denial of justice. Supppose, in this case, the statute of limitations had been at the point of forming a

bar, at the time the suit was brought, and when the plaintiff died, the limited period had fully expired, and a part, or any one, of the heirs had refused to join in the revivor, and the suit compelled to abate, in that case the heirs could not have recovered on bringing a new suit. In such a case all can see the necessity of permitting a part to revive the action and to proceed to judgment. And in permitting such a revivor no violence is done to the spirit of the statute, but, on the contrary, it is in accordance with its true intent.

It is said there is no evidence in this record showing the right of tenants in common to recover of co-tenants in common. A sufficient answer to this is, that while this is true, as a general rule, there is nothing in the record from which it appears that either of the defendants was a tenant in common with the plaintiffs. We perceive no error in the record, and the judgment of the court below must be affirmed.

*Judgment affirmed.*